JEFFREY A. DICKERSON
NEVADA Bar No. 2690
9585 Prototype Ct., Suite A
Reno, NV 89521
(775) 786-6664
(775) 786-7466-Facsimile

LOREN GRAHAM
Nevada Bar No. 673
P.O. Box 6329
Stateline, Nevada 89449
(775) 588-5138

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AARON HERNANDEZ, an individual, | CASE NO. |
| Plaintiff, | |
| vs. | COMPLAINT AND JURY DEMAND |
| DARIN RIGGIN, an individual, MICHAEL MUNO, an individual, CARSON CITY, a municipal corporation and political subdivision of the State of Nevada, | |
| Defendants. | |

Plaintiff for his complaint against Defendants complains and avers as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1367.

2. The individual Defendants are sued in their individual capacities and at all times were acting under color of state law and within the scope of their employment with Carson City as Deputy Sheriffs.

3. Carson City is a municipal corporation and political subdivision of the State of Nevada. One of its divisions is the Carson City Sheriff's Office, where the individual Defendants were employed.

4. On January 31, 2013, the individual Defendants were being dispatched to a house where Plaintiff was located.

5. Riggin moved Plaintiff 23 feet from the front porch to the side of the house to be out of view of Plaintiff's family and friends. Riggin proned Plaintiff against the wall of the house.

6. Without any provocation or justification, Riggin forced Plaintiff's right arm off the wall and up to a high level behind Plaintiff's back.

7. Plaintiff told Riggin his arm was injured.

8. Riggin and Muno grabbed Plaintiff by his arms and dragged him to a radio car and threw him in to its hood

9. Riggin handcuffed Plaintiff.

10. Jail staff told the deputies to take Plaintiff to the hospital.

11. Plaintiff's arm was broken by Riggin's use of force and exacerbated by forced movement by Riggin and Muno.

12. Defendant Muno was present when this interaction occurred and had the affirmative obligation, given his proximity and opportunity, to intercede so as to prevent the violation of Plaintiff's constitutional rights. He failed to so intercede.

## FIRST CLAIM FOR RELIEF

13. Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-12 herein above as though fully set forth at this point.

14. The conduct of these individual Defendants was deliberately indifferent to the constitutional rights of Plaintiff and resulted in the intentional application of excessive force, and arrest, detention and prosecution without probable cause, which violated Plaintiff's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and subjecting them to liability under 42 U.S.C. §1983.

15. These Defendants acted pursuant to an unwritten policy of Carson City affirmed by Carson City's policymaker as to police conduct, Sheriff Ken Furlong. The individual Defendants' actions were also done pursuant to a custom of the Carson City Sheriff's Office, which routinely deploys excessive force in interactions with citizens in situations substantially

1  similar to that in the instant case.

2      16.    As a result of the foregoing conduct, Plaintiff suffered past and future general
3  damages, including emotional distress, mental anguish, physical pain, suffering and disability,
4  as well as special damages, including medial expenses, lost wages, all in sums to be provided
5  at trial.

6      17.    The conduct of the individual Defendants was deliberately indifferent, done with
7  evil motive, and with the intent to harm, without any legitimate law enforcement purpose
8  warranting an award of punitive damages against the individual Defendants in sums to be
9  determined by a jury.

10      18.    Plaintiff is entitled to reasonable attorneys fees and costs of suit pursuant to 42
11  U.S.C. §1988.

12  SECOND CLAIM FOR RELIEF

13      19.    Plaintiff refers to and by such reference incorporates herein each, every and all
14  averments contained in paragraphs 1-19 herein above as though fully set forth at this point.

15      20.    The conduct of the individual Defendants constituted batteries against Plaintiff,
16  subjecting them to liability under the Nevada State tort theory of battery for all of the
17  aforementioned damages.

18  THIRD CLAIM FOR RELIEF

19      21.    Plaintiff refers to and by such reference incorporates herein each, very and all
20  averments contained in paragraph s 1-20 herein above as though fully set forth at this point.

21      22.    Defendants falsely arrested and imprisoned Plaintiff without probable cause or
22  a warrant, subjecting them to liability for the damages under the torts of false arrest and
23  imprisonment.

24      WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants,
25  ///
26  ///
27  ///
28  jointly and severally, for all of the aforementioned relief and for such other and further relief as

JAD/kdd/hernandez/complaint                 3

Jeffrey A. Dickerson, Esq.
9585 Prototype Ct., Suite A
Reno, NV 89521
(775) 786-6664

1 the Court deems just and proper.

2     DATED this ___ day of October, 2013.

3                                  LOREN GRAHAM
                                 ATTORNEY AT LAW

                                 LAW OFFICE OF
                                 JEFFREY A. DICKERSON

                                 /S/ Jeffrey A. Dickerson
                                 JEFFREY A. DICKERSON

Jeffrey A. Dickerson, Esq.
9585 Prototype Ct., Suite A
Reno, NV 89521
(775) 786-6664

JAD/kdd/hernandez/complaint                     4